# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE NO: 1:11-cv-02028-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO PROCEED IFP PURSUANT SECTION 1915(g); DISMISSING ACTION WITH PREJUDICE AS BARRED BY RES JUDICATA; AND DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| J. BROWN, et al., | |
| Defendants. | |
| | Doc. 1; Doc. 2; Doc. 3 |
| | 30 DAY DEADLINE |

**I.   Procedural History**

Plaintiff Isabel Tubach ("Plaintiff"), is a state prisoner proceeding pro se. On November 29, 2011, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, a motioned to proceed IFP and a motion for preliminary injunction. Doc. 1; Doc. 2; Doc. 3.

**II.   Three Strikes**

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff filed has filed over 150 actions and appeals and at least three actions have been dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the following cases which counts as strikes: 1) *Tubach v. Gomez*, 1:97-cv-05549-OWW-DLB (dismissed as frivolous on October 17, 1997); 2) *Tubach v. Farmon*, 1:96-cv-05551-REC-SMS (dismissed as frivolous on February 24, 1998); and 3) *Tubach v. Rilly*, 1:98-cv-05603-REC-HGB (dismissed as frivolous on March 12, 1999).

Recently, Plaintiff has three or more strikes which occurred before Plaintiff filed this action on November 29, 2011. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and dismissal of Plaintiff's action is appropriate. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

**III.    Res Judicata**

    **A.    Legal Standard**

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

(2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of *res judicata*. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

### B. Analysis

After careful review of the record, the Court finds that this action is barred by res judicata and bringing allegations that are the same as those previously brought in another case, *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886, at *1 (October 4, 2011).

#### 1. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.1982). "The last of these criteria is the most important." *Id.* at 1202.

Plaintiff is housed at the Central California Women's Facility. Doc. 1. Plaintiff has named the following individuals as defendants: 1) Jerry Brown; 2) M. Guzman; 3) M. Fronco; and 4) K. Harris. Doc. 1.

In Plaintiff's complaint and attached motion for preliminary injunctive relief, Plaintiff alleges that she is being denied "nitro" pain medication and her roommates are being orders to poison her. Doc. 1 at 3. Plaintiff alleges that Defendant Guzman is a part of a conspiracy to murder Plaintiff by

sending roommates/inmates to place poison on Plaintiff's nose. Doc. 1 at 4. Plaintiff also alleges that she is being denied ice chips to alleviate the pain from the cancer in her tongue. Doc. 1 at 5. Plaintiff also alleges that Defendant Guzman sent officers "men-sex-partner to put acid in these pants, before they go to make orgies and while their orgies go on the roommates are putting a very poisonous substance in [Plaintiff's] nose." Doc. 1 at 17-18.

Plaintiff also alleges that the California Attorney General, Kamala Harris is liable since although Plaintiff has informed Defendant Harris of Plaintiff's conditions, Defendant Harris has failed to have Governor Jerry Brown stop Defendant Guzman's actions. Doc. 1 at 19-20. Plaintiff also has informed the Federal Bureau of Investigations ("FBI"), however, the FBI has denied Plaintiff equal protection. Doc. 1 at 24. Defendant Guzman has also stopped Dr. Vasudeva, Dr. Ezenougo and Dr. Mitchell from ordering a biopsy for her tongue cancer and now the cancer has spread to her throat, palate and gums. Doc. 1 at 26.

Same as this action, *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886, at *1 (October 4, 2011) named Jerry Brown and M. Guzman as defendants and the allegations involved a conspiracy to murder Plaintiff. *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886, at *1. As in this action, Plaintiff alleges that Defendant Guzman is responsible for putting "poisonous-substances" down her nose. *Id.* Additionally, Plaintiff also asks for nitroglycerin and an "ice chrono" to relieve the burning sensation in Plaintiff's tongue. *Id.* Additionally, Plaintiff alleges in *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886, at *2, that Defendant Guzman's "officers sex-partner has to put the poison before [orgies]." Similarly, Plaintiff tries to bring claims against Defendant Governor Brown for failing to stop the conduct that she alleges occurred. *Id.* at 1.

Based on the above comparison of *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886 and this action, the Court finds that both actions stem from the same series of events and could have conveniently been tried together. *See Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992).

### 2. Final Judgment on the Merits

The court in *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, 2011 WL 4709886

adopted recommendations to dismiss the claims for failure to state a claim. *Tubach v. Brown, et al.*, No. 1:11-cv-01476-LJO-MJS, at Doc. 7 (Findings and Recommendations); Doc. 11 (Order adopting Findings and Recommendations). The Court finds that Plaintiff's claims were dismissed on the merits.

### 3.     Privity Between Parties

Both actions had most of the same named defendants although two related defendants were added to this subsequent action: Harris and Fronco. Although, the later action added Defendants Harris and Fronco Defendants Harris is in privity with Governor Brown. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 2003); *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940); *see also* Adams v. California Dept. of Health Services, 487 F.3d 684, 691 (9th Cir. 2007). Plaintiff has failed to link Defendant Fronco to any of the alleged conduct and has thus failed to state a claim against Defendant Fronco. Even if Plaintiff were to connect Defendant Fronco with any of the conduct alleged, Defendant Fronco would likely be in privity with the other Defendants.

### IV.    Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "to the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

5

Plaintiff has not met her burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

As Plaintiff's action is barred by res judicata, Plaintiff has failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits. Therefore, the Court, in its discretion, recommends will denial of Plaintiff's motion for a preliminary injunction.

**V.     Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS:

1. That Plaintiff's motion to proceed in forma pauperis filed November 29, 2011, (Doc. 2) be DENIED pursuant to 28 U.S.C. § 1915(g);

2. That Plaintiff's motion for preliminary injunction filed November 29, 2011, (Doc. 3) be DENIED; and

3. That this action be **DISMISSED WITH PREJUDICE** as barred by res judicata (Doc. 1)

///
///
///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    December 14, 2011                                      UNITED STATES MAGISTRATE JUDGE